FILED

98 AUG 13 AM 9:20

U.S. DISTRICT COURT
N.D. OF ALABAMA

Cko

ENTERED

AUG 13 1998

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

DORIS ROGERS,  }
    Plaintiff,  }
    vs.  }  CIVIL ACTION NO.
      }  CV-97-AR-1996-M
GADSDEN BOARD OF EDUCATION,  }
    Defendant.  }

## MEMORANDUM OPINION

The above-entitled action is now before the court on a second motion to dismiss filed by defendant, the Gadsden Board of Education, on August 11, 1998. As with defendant's previous motion to dismiss, the instant motion is premised on plaintiff's failure to appear for deposition. Defendant brings this motion pursuant to Rule 37(d), Fed.R.Civ.P. As explained more fully below, the court concludes that defendant's said motion is well taken.

### *Factual and Procedural Background*

On March 26, 1998, plaintiff failed to appear at her scheduled deposition without notice or explanation. *Exh. 1 to Def.'s Mot. to Dismiss Case*. At that time, one of plaintiff's counsel represented that plaintiff had been made aware of the time and place for the deposition. *Id.*

23

On May 4, 1998, defendant moved to dismiss the case due to plaintiff's initial failure to appear for deposition. Alternatively, and in a spirit of understanding for a fellow lawyer with a recalcitrant client, defendant's counsel sought an extension of the discovery deadline in order to make another attempt at deposing plaintiff. On May 6, 1998, the undersigned enter an order which extended the discovery deadline from May 1 to July 31, 1998. The court granted this extension so as to facilitate efforts to reschedule plaintiff's deposition.

On May 12, 1998, defendant moved to withdraw its motion to dismiss. On May 13, 1998, Hon. James H. Hancock, in the absence of the undersigned, entered an order granting defendant's motion to withdraw, but expressly stating that his order was **"without prejudice to defendant's right to file another such motion to dismiss should plaintiff again fail to appear for a scheduled deposition in this matter."** Doc. 21 (emphasis supplied). This constituted ample warning.

On July 31, 1998, plaintiff again failed to appear for her scheduled deposition. According to defendant, "Plaintiff's counsel . . . does not know what excuse, if any, his client may have for not appearing for her deposition. . . ." Doc. 22. On August 11, 1998, defendant again filed a motion to dismiss.

2

*Discussion*

As noted above, defendant asks the court for the ultimate sanction for plaintiff's repeated failure to appear for deposition. According to the Eleventh Circuit, Rule 37 gives this court the power to sanction uncooperative litigants. *Phipps v. Blakeney*, 8 F.3d 788, 789 (11th Cir. 1993). However, as the most severe sanction available under Rule 37, dismissal generally is not the favored course of action. *Id.* (citing *Bonaventure v. Butler*, 593 F.2d 625 (5th Cir. 1979)). Indeed, "[t]he sanction of dismissal . . . should not be imposed if lesser sanctions will suffice." *Navarro v. Cohan*, 856 F.2d 141, 142 (11th Cir. 1988). Nevertheless, "dismissal may be appropriate when a plaintiff's recalcitrance is due to wilfulness, bad faith or fault." *Phipps*, 8 F.3d at 789 (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778 (1976)).

Against this backdrop, it clear in the instant case that plaintiff's actions warrant the sanction of dismissal. Following plaintiff's initial failure to appear for deposition, Judge Hancock warned plaintiff that this court would entertain a motion to dismiss if she failed to appear for deposition again. Despite this warning, plaintiff failed to appear for deposition a second time. In both instances, plaintiff has offered no explanation or excuse whatsoever for her failure to appear. Given these

3

circumstances, this court can only conclude that plaintiff's repeated failure to appear for deposition is the result of either wilfulness or some other unexplained or inexcusable fault. More importantly, this court is convinced that, if it were to impose a lesser sanction, doing so would be unlikely to cure plaintiff's apparent disdain for both this court and the discovery process. Accordingly, the court concludes that defendant's motion to dismiss is due to be granted.

### *Conclusion*

The court will enter a separate and appropriate order in keeping with the conclusions reached hereinabove.

DONE this 13th day of August, 1998.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE